IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA HANCOCK, Individually and on behalf of all other similarly situated, | No. C 06-1365 CW |
| Plaintiff, | ORDER GRANTING DEFENDANT'S |
| v. | MOTION TO DISMISS |
| RECEIVABLES MANAGEMENT SOLUTIONS, INC., | |
| Defendant. | |

Defendant Receivables Management Solutions, Inc. moves to dismiss this action, contending that the complaint fails to state a cognizable claim upon which relief can be granted. Plaintiff Anna Hancock opposes this motion. The matter was heard on May 26, 2006. Having considered all of the papers filed by the parties and oral argument, the Court grants Defendant's motion.

BACKGROUND

On March 3, 2005, Defendant, a collection agency, sent Plaintiff a collection letter. According to the letter, Plaintiff

owed $2,912.02 to a business called MBIA.  The letter stated:

> MBIA authorized Receivables Management Solutions, Inc. to settle the above reference account for $1456.01 if payment is received in our office by 3-17-2005.  If you have any questions or wish to discuss your account with one of our representatives please call us.
>
> Once the one payment of $1456.01 has been paid to our office on time, we will report to our client your above noted account is settled in full.

Complaint, Ex. A.

Approximately six weeks later, Defendant sent Plaintiff another collection letter.  This letter stated:

> MBIA is offering a settlement of $1456.01 that can be paid in 2 payments.
>
> Once the first payment is applied to your account the second payment should be paid no greater than 30 days later.
>
> This offer may expire without notice or be revoked at any time.
>
> Once two payments of $728.00 have been paid to our office, we will report to our client your above noted account is settled in full.

Complaint, Ex. B.

Approximately six weeks after that, Defendant sent Plaintiff a third collection letter.  This letter stated:

> MBIA is offering a settlement of $1456.01 that can be paid in 3 payments.
>
> Once the first payment is applied to your account the second payment should be paid no greater than 30 days later.  The third payment should be paid no greater than 60 days later from the date of the first payment applied.
>
> This offer may expire without notice or be revoked at any time.
>
> Once three payments of $485.34 have been paid to our office, we will report to our client your above noted account is settled in full.

Complaint, Ex. C.

According to Plaintiff, the first collection letter was drafted to convey the false impression that the offer was only available for a brief time. She states that Defendant and MBIA will settle for fifty percent of the debt at any time, and will even settle for less than fifty percent. Plaintiff notes that second and third letters leave uncertain the date the first payment is due. She contends that, coupled with the threat to revoke the settlement offer at any time, the second and third letters are drafted to convey the false impression that the offer will be withdrawn if the customer does not make the first payment promptly.

Plaintiff brings a consumer class action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, claiming that Defendant's debt collection practices violate both federal and State fair debt collection practice law. Defendant contends that, as a matter of law, the settlement offers relayed in the collection letters at issue are not false, deceptive or misleading representations, and that it did not violate the FDCPA.

LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff.

3

NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

Section 1692e of the FDCPA provides that debt collectors, such as Defendant, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Defendant contends that the three collection letters it sent Plaintiff did not contain any false, deceptive or misleading representations and thus this case should be dismissed. Plaintiff disagrees, arguing that, because Defendant

4

1  had the authority from MBIA to settle the debt at any time for less
2  than fifty percent, Defendant's settlement offers were false,
3  deceptive and misleading.  She contends that her claims are
4  cognizable under the FDCPA.
5       Whether the three letters violate the FDCPA depends on whether
6  they are "likely to deceive or mislead a hypothetical 'least
7  sophisticated debtor.'"  <u>Wade v. Regional Credit Ass'n,</u> 87 F.3d
8  1098, 1100 (9th Cir. 1996) (quoting <u>Swanson v. Southern Oregon
9  Credit Serv., Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1988)).  This
10 objective, least-sophisticated-debtor standard is "lower than
11 simply examining whether particular language would deceive or
12 mislead a reasonable debtor."  <u>Swanson</u>, 869 F.2d at 1227.  But, as
13 another court in this district has explained, "Even 'the least
14 sophisticated debtor' is capable of understanding that parties
15 frequently strike deals through the course of several overlapping
16 proposals and that the terms of these offers may change with time."
17 <u>Johnson v. AMO Recoveries</u>, __ F. Supp. 2d __, 2005 WL 3968292, *3
18 (N.D. Cal.) (granting the defendant's motion for judgment on the
19 pleadings, after the plaintiff, at oral argument, declined the
20 court's invitation to amend).
21      Plaintiff, like the plaintiff in <u>Johnson</u>, relies on <u>Goswami v.
22 American Collection Enterprise, Inc.</u>, 377 F.3d 488 (5th Cir. 2004).
23 In <u>Goswami</u>, the defendant sent the plaintiff a letter that stated,
24 "Effective immediately, and only during the next thirty days, will
25 our client agree to settle your outstanding balance due with a
26 thirty percent (30%) discount off your above balance owed.  This
27 settlement must be in one payment and must be received in our

5

office no later than 30 business days from the date of this letter unless you contact our office to make other arrangements." Id. at 492. This was untrue. The defendant had been authorized to give a thirty percent discount at any time, not only in the next thirty days, and indeed to give the plaintiff a fifty percent discount. Id. at 495. The Fifth Circuit reversed the trial court's grant of summary judgment in favor of the defendant, concluding that "the letter leads an unsophisticated consumer to falsely believe that the settlement offer is a one time, take-it-or-leave-it offer" that would expire in thirty days. Id. at 491, 495. The court stated, "The obvious purpose of the statement was to push Goswami to make a rapid payment to take advantage of the purported limited time offer." Id. at 495.

Goswami is distinguishable. Here, none of the letters stated that the settlement offer was "only" valid for the next thirty days; none of the letters gave the false impression that the offer would irrevocably lapse. Instead, Defendant sent Plaintiff a series of offers. Johnson, 2005 WL 3968292 at *3. There is nothing false, deceptive or misleading about offering to settle Plaintiff's account if the payment was received two weeks later, and then, after that payment was not received, presenting Plaintiff with two options: pay with either two or three payments.

As Johnson notes, several district courts have limited Goswami's holding to letters that expressly state that the opportunity to settle the debt at a discount will be lost after a specific date. Id., see. e.g., Headen v. Asset Acceptance, LLC, 383 F. Supp. 2d 1097 (S.D. Ind. 2005) (granting judgment on the

6

1 pleadings on claim that debt collectors who made settlement offers
2 with deadlines for acceptance violated the FDCPA because the
3 letters neither said that they were one-time offers nor "that the
4 offered amount was as low as the collectors are now or ever will be
5 prepared to accept"); Gully v. Van Ru Credit Corp., 381 F. Supp. 2d
6 766, 772 (N.D. Ill. 2005) (granting motion to dismiss FDCPA claim
7 and concluding that "a settlement offer that states the proposed
8 discount and the length of the offer, but does not expressly nor
9 implicitly indicate that no other offer will be made, passes muster
10 even though future more favorable terms are likely").  Without
11 guiding Ninth Circuit authority, the Court finds that the reasoning
12 of these cases and Johnson is persuasive and sound: "Not only would
13 'the least sophisticated debtor' understand that the expiration of
14 a mere 'offer' does not necessarily foreclose the possibility of
15 the parties later agreeing to its terms, but '[t]he practical
16 consequence of holding [offer] letters unlawful would be to
17 prohibit settlement offers that are anything but the debt
18 collector's best and final offer.'"  Johnson, 2005 WL 3968292 at *3
19 (quoting Headen, 383 F. Supp. 2d at 1103).

20     Defendant cites numerous cases, including those above, where
21 district courts have found that similar collection letters are not
22 false, deceptive or misleading and do not violate the FDCPA.  For
23 example, the letter the defendant sent to the plaintiff in Gully
24 states, "We are authorized to settle your account with the above
25 client which, as of the date of this letter, is $796.87 for the sum
26 of $318.75, provided this sum is received by [defendant] by
27 November 11, 2003.  The offer automatically will be revoked if your

7

payment is not received by November 11, 2003." 381 F. Supp. 2d at 768. In her opposition, Plaintiff fails to distinguish any of these cases. Instead, she cites Goswami and argues that discovery will disclose the falsity of the collection letter. Because this is a motion to dismiss, however, the Court has taken all material allegations in her complaint as true, including that "Defendant and its client will in fact take 50% of the debt at any time, and will also settle for less than 50%." Complaint, ¶ 13. The fact that Defendant does not disclose the full extent of its settlement authority, however, does not render the letters false and misleading. As stated in Gully, "There is a substantial difference between not disclosing the extent of one's settlement authority and misrepresenting that authority." 381 F. Supp. 2d at 772.

Defendant argues that Plaintiff's claim under the California Rosenthal Fair Debt Collection Practices Act is contingent on her FDCPA claim and thus also fails as a matter of law. But the case Defendant cites does not support that argument. In Renick v. Dun & Bradstreet Receivable Management Services, 290 F.3d 1055 (9th Cir. 2002), the court found that the plaintiff's claim of "unlawful, unfair or fraudulent business act or practice," in violation of the California Unfair Business Practices Act, hinged on the plaintiff's rejected FDCPA claim. The Court will, however, exercise its discretion to dismiss Plaintiff's State law claim without prejudice to refiling in State court.

## CONCLUSION

Because it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's

8

allegations, the Court GRANTS Defendant's Motion to Dismiss (Docket No. 5).  Plaintiff's FDCPA claim is dismissed with prejudice.  Plaintiff's remaining State law claim is dismissed without prejudice to bringing the claim in State court.

    IT IS SO ORDERED.

Dated: 5/30/06

*Claudia Wilken*
_____
CLAUDIA WILKEN
United States District Judge

9